IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **VALERIE TAYLOR,** | **6:12-CV-00225-BR** |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration,**[1] | |
| Defendant. | |

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this case. No further action need be taken to continue this case by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405.

1 - OPINION AND ORDER

**BRUCE W. BREWER**
419 Fifth Street
Oregon City, OR 97045
(503) 722-8833

      Attorney for Plaintiff

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**DAPHNE BANAY**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 901
Seattle, WA 98104
(206) 615-2113

      Attorneys for Defendant


**BROWN, Judge.**

    Plaintiff Valerie Taylor seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

    Following a review of the record, the Court **REVERSES** the

2 - OPINION AND ORDER

decision of the Commissioner and **REMANDS** this matter for the calculation and payment of benefits pursuant to Sentence Four, 42 U.S.C. § 405(g).  The Court also **DENIES** the Commissioner's Motion (#22) for Remand for further administrative proceedings.

## ADMINISTRATIVE HISTORY

Plaintiff filed her applications for SSI and DIB on October 12, 2005, and alleged a disability onset date of August 5, 2005.  Tr. 344.[2]  The applications were denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on October 31, 2007.  Tr. 689-720.  At the hearing Plaintiff was not represented by an attorney.  Plaintiff and a vocational expert (VE) testified.

The ALJ issued a decision on January 22, 2008, in which he found Plaintiff was not disabled because she could perform her past relevant work as a checker and, in the alternative, because she could perform other work existing in significant numbers in the national economy as an order clerk, food and beverage; a routing clerk, small delivery; and a warehouse checker.  Tr. 31. That decision became the final decision of the Commissioner on January 7, 2009, when the Appeals Council denied Plaintiff's request for review.  Tr. 12-15.

---

[2] Citations to the official transcript of record filed by the Commissioner on January 30, 2012, are referred to as "Tr."

3 - OPINION AND ORDER

On March 12, 2009, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision. On September 23, 2010, the Court issued an Opinion and Order and a Judgment remanding this case for further administrative proceedings. Tr. 763-72. The Court found the ALJ erred at Step Two by finding the Plaintiff's only severe impairment was degenerative disc disease. Tr. 771. The Appeals Council remanded this case to an ALJ for further proceedings. Tr. 773-75.

An ALJ held a hearing on remand on May 3, 2011. Tr. 1039-71. At the hearing, Plaintiff was represented by an attorney. Plaintiff and a VE testified.

The ALJ issued a decision on October 14, 2011, in which he found Plaintiff is not disabled because she can perform her past relevant work as a checker and, in the alternative, because she can perform other work existing in significant numbers in the national economy in representative occupations such as an order clerk, food and beverage; a routing clerk, small delivery; and a warehouse checker. Tr. 721-34. That decision became the final decision of the Commissioner on December 15, 2011, when the Appeals Council declined to assume jurisdiction of the case. Tr. 722.

Plaintiff now seeks review in this Court. On January 18, 2013, the Commissioner filed a Motion (#22) to Remand for further administrative proceedings.

4 - OPINION AND ORDER

## BACKGROUND

Plaintiff was born on November 4, 1961, and was 49 years old at the time of the May 2011 hearing. Tr. 329. Plaintiff has a high-school education and one year of college. Tr. 350. Plaintiff has past relevant work experience as a cashier, fast-food worker, laundry worker, hotel housekeeper, stock attendant, nursery worker, and checker. Tr. 345.

Plaintiff alleges disability due to a back fusion. Tr. 344.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision

5 - OPINION AND ORDER

Case 6:12-cv-00225-BR   Document 24   Filed 05/08/13   Page 6 of 17

if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

6 - OPINION AND ORDER

## DISABILITY ANALYSIS

### I.  The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a

regular and continuing basis despite his limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1),

8 - OPINION AND ORDER

416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since her August 5, 2005, onset date.  Tr. 726.

At Step Two the ALJ found Plaintiff had the severe impairments of "degenerative disc disease of the lumbar spine status several surgeries."  Tr. 726.

At Step Three the ALJ concluded Plaintiff's impairments do not meet or equal the criteria for any Listed Impairment from 20 C.F.R. part 404, subpart P, appendix 1.  The ALJ found Plaintiff had the RFC to perform light work "with lifting and carrying of 20 pounds occasionally and 10 pounds frequently, standing and walking about six hours of an eight hour workday and sitting for about six hours of an eight hour workday.  She can occasionally stoop, crouch, and climb ramps, stairs, ladders, ropes or scaffolds and frequently balance, kneel and crawl."  Tr. 729.

At Step Four the ALJ concluded Plaintiff was able to perform her past relevant work as a Checker I.  Tr. 733.

At Step Five the ALJ found Plaintiff could perform other jobs that exist in significant numbers in the national economy, specifically order clerk, food and beverage; routing clerk, small

9 - OPINION AND ORDER

delivery; and warehouse checker.  Tr. 734.

## DISCUSSION

Plaintiff contends the ALJ erred (1) at Step Two when he failed to find severe impairments of right hip joint degeneration, multilevel cervical degenerative disc disease and spondylosis, depression, failed back-surgery syndrome, degenerative spondylolisthesis L3-4, broken left lateral rib, and lumbar facet arthrosis; (2) at Step Three when he improperly found Plaintiff's impairments did not equal any Listing; (3) when he found Plaintiff less than fully credible; and (4) when he improperly and implicitly rejected the opinion of examining surgeon Thomas L. Gritzka, M.D.

The Commissioner concedes the ALJ erred.  Although the Commissioner does not specifically respond to any of Plaintiff's assertions of error, she moves for remand for further administrative proceedings, including a *de novo* hearing.

**I.  The ALJ erred at Step Two.**

At Step Two the ALJ determines whether the claimant has a medically severe impairment or combination of impairments.  *Bowen v. Yuckert,* 482 US 137, 140-41 (1987).  The Social Security Regulations and Rulings, as well as case law applying them, discuss the Step Two severity determination in terms of what is "not severe."  According to the regulations, "an impairment is

10 - OPINION AND ORDER

not severe if it does not significantly limit [the claimant's] physical ability to do basic work activities."  20 C.F.R. § 404.1521(a).  Basic work activities are "abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling."  20 C.F.R. § 404.1521(b).

    The Step Two inquiry is a *de minimis* screening device to dispose of groundless claims.  *Yuckert,* 482 US at 153-54.  An impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individual's ability to work."  *See* SSR 85-28.  *See also Yuckert v. Bowen,* 841 F2d 303, 306 (9th Cir 1988)(adopting SSR 85-28).  A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings and cannot be established on the basis of a claimant's symptoms alone.  20 C.F.R. § 404.1508.

    At Step Two the ALJ determined Plaintiff had severe impairments of "degenerative disc disease of the lumbar spine status several surgeries" and continued to the Step Three analysis.  Tr 726.  Generally any error in failing to identify other limitations as "severe" at Step Two is harmless.  The Court, however, determined in its initial remand that the record reflects Plaintiff has other severe impairments sufficient to

11 - OPINION AND ORDER

pass the *de minimis* test, and the ALJ erred by failing to identify those at Step Two.  Tr. 771.  Thus, because of those errors at Step Two, the ALJ's analyses at Steps Three, Four, and Five were unsupported by substantial evidence in the record and were not based on proper legal standards, and the ALJ again failed to identify any of Plaintiff's other limitations as severe pursuant to the Court's Opinion and Order remanding this matter on September 23, 2010.

**II.  The ALJ erred at Step Three.**

The ALJ must determine at Step Three whether a claimant's impairments meet or equal an impairment listed in the Listing of Impairments.  *See* 20 C.F.R. Pt. 404, subpt. P, app'x 1.  The Listings describe specific impairments of each of the major body systems that "are considered severe enough to prevent a person from doing any gainful activity."  *See* 20 C.F.R. §§ 404.1525(a), 416.925(a).  Most of these impairments are "permanent or expected to result in death."  *Id.*  "For all others, the evidence must show that the impairment has lasted or is expected to last for a continuous period of at least 12 months."  *Id.*  If a claimant's impairments meet or equal a listed impairment, the claimant will be found disabled at Step Three without further inquiry.

The Listings describe the "symptoms, signs, and laboratory findings" that make up the characteristics of each listed impairment.  *See* 20 C.F.R. §§ 404.1525(c), 416.925(c).  To

12 - OPINION AND ORDER

meet a listed impairment, a claimant must establish that he or she meets each characteristic of a listed impairment relevant to her claim.  *See* 20 C.F.R. §§ 404.1525, 416.925.  To equal a listed impairment, a claimant must establish symptoms, signs, and laboratory findings "at least equal in severity and duration" to the characteristics of a relevant listed impairment or, if a claimant's impairment is not listed, to the listed impairment "most like" the claimant's impairment.  *See* 20 C.F.R. §§ 404.1525(a), 416.926(a).  Plaintiff contends she meets the Listing for "Disorders of the spine."

    Listing 1.04 provides:

> *Disorders of the spine* (e.g., herniated nucleus pulposus, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord.
>
> With:
>   A.  Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine). . . .

    **A.  Degenerative Disc Disease**

    Plaintiff points out that the ALJ found Plaintiff has degenerative disc disease.  Tr. 726.

13 - OPINION AND ORDER

**B.  Compromise of a Nerve Root**

On August 23, 2006, Plaintiff's MRI showed:

> Degenerative spinal stenosis is detailed at L3 through S1 in the body of the report. There is contributing calcified disc and facet and spondylitic osteophytes at L4-5 on the right and L5-S1 on the left predominantly. In particular, a right partially calcified L5-S1 mild broad-based protrusion may impinge the S1 nerve root while right L4 and L5 nerve root impingement may be present primarily due to osteophytes.

Tr. 413.

On January 9, 2007, Kent D. Yundt, M.D., Plaintiff's neurosurgeon, conferred with Plaintiff "regarding a right L5 and S1 nerve root decompression and exploration," and stated there is evidence of nerve-root compression.  Tr. 437.

**C.  Neuro-Anatomic Distribution of Pain**

Dr. Yundt noted Plaintiff's right leg pain "fits an L5-S1 distribution" and found in May 2005 and January 2007 that there was evidence of neuro-anatomic distribution of pain.  Tr. 253, 436.

**D.  Limitation of Motion of the Spine**

A physical-therapy evaluation dated March 6, 2007, documents Plaintiff's decreased range of motion of the lumbar spine.  Tr. 448-49.

**E.  Motor Loss(atrophy with associated muscle weakness or muscle weakness)**

The March 6, 2007, physical-therapy evaluation included a note of "atrophy left calf."  Tr. 448.

**F.  Sensory or Reflex Loss**

Dr. Yundt noted diminished sensation in Plaintiff's right lateral calf in May 2005.  Tr. 253.

**G.  Positive Straight-Leg Raising Test (sitting and supine)**

Plaintiff reported pain with the straight-leg-raising test at 30 degrees in March 2007.  Tr. 448.

In summary, the Court concludes on this record that there is sufficient medical evidence to establish that Plaintiff meets each characteristic for Listing 1.04 disorders of the spine.  The Court, therefore, finds the ALJ erred at Step Three when he failed to find that Plaintiff's impairments meet the criteria of Listing 1.04.  Accordingly, the Court need not address Plaintiff's remaining assertions of error.


## REMAND

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings.  *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000).  When "the record has been fully developed and further administrative proceedings would serve no useful

15 - OPINION AND ORDER

purpose, the district court should remand for an immediate award of benefits." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

The decision whether to remand this case for further proceedings or for the payment of benefits is a decision within the discretion of the court. *Harman*, 211 F.3d 1178.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman*, 211 F.3d at 1178. The Court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting . . . evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id.* at 1178 n.2.

Here the Court has determined the ALJ erred at Step Three when he concluded Plaintiff's impairments did not meet the requirements of Listing 1.04 "Disorders of the spine." As noted, if a claimant's impairment meets or equals a Listing, the claimant will be found disabled at Step Three without further inquiry. Accordingly, the Court concludes Plaintiff is disabled based on this medical record and that no useful purpose would be

16 - OPINION AND ORDER

served by a remand of this matter for further proceedings.  *See Harman,* 211 F.3d at 1178.

## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter to the Commissioner pursuant to Sentence Four, 42 U.S.C. § 405(g), for the immediate calculation and payment of benefits to Plaintiff.  The Court also **DENIES** the Commissioner's Motion (#22) for Remand for further administrative proceedings.

IT IS SO ORDERED.

DATED this 8th day of May, 2013.

/s/ Anna J. Brown

　　　　　　　　　　　　　　　　　　　　
ANNA J. BROWN
United States District Judge

17 - OPINION AND ORDER